# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6495 | **DATE** | 7/21/2003 |
| **CASE TITLE** | | Brindisi vs. Barnhart | |

**MOTION:**
[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants Brindisi's petition for attorney's fees and costs (23-1, 23-2). The Court awards $17,966.57 in attorney's fees and expenses pursuant to the EAJA.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | JUL 25 2003 | | |
| | Notified counsel by telephone. | | date docketed | | 29 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | |
| OR | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

TINA BRINDISI, on behalf of    )
ROBERT BRINDISI, a minor,    )
                         )
      Plaintiff,      )
                         )
  vs.             )   Case No. 00 C 6495
                         )
JO ANNE B. BARNHART,    )
Commissioner of Social Security,    )
                         )
      Defendant.

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

    Tina Brindisi applied to the Social Security Administration for Supplemental Social

Security Income benefits for her minor son Robert based on his alleged disability. After an

administrative hearing, an Administrative Law Judge denied the application. Brindisi then filed

suit against the SSA, and this Court affirmed the ALJ's denial of benefits. *Brindisi v. Massanari*,

2001 WL 1607485 (N.D. Ill. Dec. 14, 2001). Brindisi appealed, and the Court of Appeals

reversed this Court's decision and ordered the case remanded to the SSA for further proceedings.

*Brindisi v. Barnhart*, 315 F.3d 783, 788 (7th Cir. 2003). Brindisi now petitions for attorney's

fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). For the reasons set forth

below, the Court grants Brindisi's petition.

### Background

    Brindisi applied for SSI benefits on Robert's behalf in April 1996, alleging that he

suffered from hearing and speech deficiencies, hyperactivity, and allergies that she said had

existed from the time of his birth. The SSA denied Brindisi's application initially and after

29

reconsideration.

In June 1998, following Brindisi's request for a hearing, an ALJ conducted a hearing and found that Robert was not disabled. Specifically, the ALJ found that Robert did not medically or functionally meet any disabling impairments defined under applicable Social Security Regulations. In addition, the ALJ stated that "to the extent [Robert's] parents alleged total disability, [the ALJ did] not find them fully credible" because the objective evidence did not support Robert's application. The SSA Appeals Council subsequently denied Brindisi's request for review.

Brindisi filed suit seeking judicial review of the ALJ's decision. After each party moved for summary judgment, this Court granted summary judgment in favor of the Commissioner. The Court found that although the ALJ had failed to explain the specific reasons behind various findings, his conclusion "unquestionably built a bridge between the evidence and his ultimate decision to deny benefits, which is what the case law requires." *Brindisi v. Massanari*, 2001 WL 1607485, at *5.

The Seventh Circuit rather resoundingly disagreed, however, and it remanded the case to the SSA for further proceedings. *Brindisi v. Barnhart*, 315 F.3d at 788. The court found that in concluding that Robert did not "medically equal" a listed impairment, the ALJ failed to "even mention" the listings under which the applicant was evaluated. *Id.* at 786. The Court of Appeals found the ALJ's analysis "perfunctory" and concluded that the ALJ's failure to explain his reasoning "prevents us from applying the decision structure undergirding disability determinations to a substantive analysis of Robert's impairments." *Id.* In addition, the court held the ALJ's failure to discuss an audiogram, which it regarded as the "strongest piece of evidence"

2

supporting Robert's claim of disability, contravened the ALJ's obligation to acknowledge "potentially dispositive evidence" and left one "to wonder whether the audiogram was even considered." *Id.*

With regard to whether Robert's impairment functionally equaled a listed impairment, the Seventh Circuit noted that although an ALJ must consider the "combined effect" of impairments within a disability analysis, the ALJ in Robert's case had failed to "clearly identify which impairments were considered." *Id.* at 787. The court regarded the ALJ's analysis as "conclusory and conflated" and found that there was not substantial evidence to support his conclusion. *Id.*

Finally, the court held that the ALJ, in finding that Robert's parents were not "fully credible," had failed to comply with a Social Security Ruling ("SSR") requirement that he explain his finding. *Id.* The court found the ALJ's decision to be "lacking any explication that would allow this court to understand the weight given to the Brindisis' statements or the reasons for that consideration" required by SSR requirements. *Id.* at 788.

## Discussion

Brindisi has petitioned this Court for the award of attorney's fees and expenses pursuant to the EAJA, which provides that a district court shall

> award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In short, the EAJA stipulates that courts shall award attorney's fees upon a timely application by a party who prevailed against the government if the government's position was not substantially justified, and special circumstances do not make a fee award

unjust. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000) (citing *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 158 (1990)).

In the present case, the only issue is whether the government's position was substantially justified. The "substantially justified" standard applies both to the government's pre-litigation position, represented in this case by the ALJ's ruling, and the government's position in the litigation that ensued. *Jean*, 496 U.S. at 159; *Hallmark*, 200 F.3d at 1080; *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). *See also Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991) ("It is clear that both the litigating position of the Secretary before the district court and the agency's pre-litigation conduct, its action or inaction, the position that gave rise to the litigation in district court, are the subjects of this 'justifiable position' inquiry."). The government bears the burden of demonstrating that its position was substantially justified, *Hallmark*, 200 F.3d at 1079, and must establish that its position at both stages was substantially justified in order to defeat the claim for attorney's fees. *See Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).

A position taken by the government is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To be substantially justified, the government's position must have: (1) "a reasonable basis in truth," according to the facts alleged; (2) "a reasonable basis in law," given the theory proposed; and (3) "a reasonable connection" between the facts and theory. *Hallmark*, 200 F.3d at 1080 (citing *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987)).

The Court finds that the government's pre-litigation position, as represented by the ALJ's decision, was not substantially justified, in that, as the Seventh Circuit held, the ALJ completely failed to make a reasonable connection between the evidence and his conclusion and did not

4

justify his findings and conclusions sufficiently to permit meaningful review. *See Sutton v. Chater,* 944 F. Supp. 638, 644-45 (N.D. Ill. 1996) (ALJ's disregard of doctor's treatment notes and failure to articulate factual basis for conclusion was unreasonable); *Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 (N.D. Ill. 1998) (finding, after Court of Appeals reversed District Court's ruling affirming denial of benefits, that government's position did not reflect a "logical bridge" between the evidence and the conclusion); *Hubbard-Davis v. Apfel,* No. 95 C 5556, 1998 WL 417595, at *3 (N.D. Ill. July 20, 1998) (ALJ's apparent disregard of medical testimony and reliance on ambiguous evidence was not substantially justified).

The fact that the Court of Appeals held that the ALJ's decision was not supported by "substantial evidence" does not necessarily mean that the decision was not "substantially justified"; the two standards are different. *Cummings,* 950 F.2d at 498. The losing party's position may well be substantially justified in a particular case. *Underwood,* 487 U.S. at 569.

We reject, however, the government's argument that the fact that this Court initially affirmed the ALJ's ruling reflects that ruling was substantially justified within the meaning of the EAJA. The fact that a single judicial officer at one point agreed with the government's position does not carry the day for the Commissioner. *See United States v. Paisley,* 957 F.2d 1161, 1167 (4th Cir. 1992) ("In sum, merits decisions in a litigation, whether intermediate or final, cannot, standing alone, determine the substantial justification issue."). Were that so, an EAJA fee award would be automatically foreclosed in any case in which the district court initially ruled in favor of the government, or in which there was a single dissent in the Court of Appeals. The Commissioner cites no authority supporting such a view, nor is the Court aware of any. Though this Court's earlier ruling is a factor to be considered in the EAJA analysis, it is not decisive; we

5

must make an independent assessment of the justification for the government's position. *Paisley,* 957 F.2d at 1168. *Cf. Pierce,* 487 U.S. at 569 ("the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified.").

In this case, the Seventh Circuit's ruling undermines any persuasive effect that this Court's prior ruling might be thought to have had: despite our earlier ruling, the Court of Appeals did not find the case to be in the least bit close. *See Hallmark,* 200 F.3d at 1079 (citing *Marcus,* 17 F.3d at 1038, for the proposition that "strong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees"). The Court agrees with the Commissioner that mere inadequate explanation by an ALJ of his decision does not by itself require a finding that the decision was not substantially justified within the meaning of the EAJA. *See Stein v. Sullivan,* 966 F.2d 317, 319-20 (7th Cir. 1992). But in this case the import of the Seventh Circuit's decision is not simply that the ALJ's decision was unsupported by substantial evidence; rather the court found that the ALJ's conclusion was *entirely* devoid of support. As noted earlier, the Seventh Circuit essentially found the ALJ's decision to be so lacking in reasoning that it could not even be evaluated to determine the reasonableness of the ALJ's findings. The court characterized the ALJ's discussion as "perfunctory" and "conclusory" and his credibility analysis as "lacking any explication." Under the circumstances, this Court is constrained to find that the government's pre-litigation position in this case, as represented by the ALJ's ruling, was not "substantially justified" within the meaning of the EAJA.

The Commissioner attempts to minimize the effect of the Seventh Circuit's decision by arguing that the remand did not include instructions to award benefits. Whether the

6

government's pre-litigation position was substantially justified, however, does not hinge on this consideration alone. As Judge Bucklo stated in *Gibson-Jones*:

> I am not unmindful of the fact that the Seventh Circuit remanded ... so that the ALJ could more specifically articulate his reasons ... Ultimately, the ALJ may again deny Gibson-Jones benefits. But that does not change the fact that the ALJ's original position was not substantially justified. It would be unfair to require Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.

*Gibson-Jones*, 995 F. Supp. at 827 n.3.

We turn to determination of the amount of attorney's fees and expenses appropriately awarded in this case. The EAJA uses a base hourly rate of $125 per year and authorizes an increase in that rate based on increases in the cost of living. 28 U.S.C. §2412(d)(2)(A). The Court agrees with Brindisi that a cost of living increase is warranted in this case and thus will award fees at the hourly rate of $138.75 for time during the year 2000; $142.90 for time during the year 2001; and $144.72 for time during the year 2002; and $145.86 for time during the year 2003. *See* Pltf. Reply at 1-2. Brindisi's counsel reasonably performed work on the case for 2.3 hours in 2000, 15.6 hours in 2001, 48.9 hours in 2002, and 26.4 hours in 2003. These amounts are tallied below:

| Year | Hours | Hourly rate | Fee amount |
|------|-------|-------------|------------|
| 2000 | 2.3 | $138.75 | $319.13 |
| 2001 | 15.6 | $142.90 | $2,229.24 |
| 2002 | 48.9 | $144.72 | $7,076.81 |
| 2003 | 33.6 | $145.86 | $4,900.90 |
| TOTAL | 100.4 | | $14,526.07 |

To this we add $3,000 for paralegal time (to which the Commissioner does not object), and

expenses of $440.50. The total amount of fees and costs is $17,966.57.

## Conclusion

For the reasons stated above, the Court grants Brindisi's petition for attorney's fees and

costs [docket item 23-1, 23-2]. The Court awards Brindisi $17,966.57 in attorney's fees and

expenses pursuant to the EAJA.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:   July 21, 2003